CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 1 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| AFRESH CHURCH, | ) | CASE NO. 5:18-CV-144 |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| | ) | Chief United States District Judge |
| CITY OF WINCHESTER, | ) | |
| VIRGINIA, et al., | ) | |
| | ) | |
|     Defendants | ) | |

## MEMORANDUM OPINION

Afresh Church ("Afresh") filed this lawsuit on December 3, 2018, alleging that defendants, the City of Winchester, Virginia ("the City") and Aaron Grigsdale, the director of zoning and inspections for the City, are violating Afresh's rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, et seq. (RLUIPA). Pending are the City's motion for abstention and motion to dismiss, ECF Nos. 9, 11; Afresh's motion for summary judgment, ECF No. 13; and the City's motion to defer consideration of the motion for summary judgment, ECF No. 17. The parties have briefed the issues and a hearing was held in this matter on April 10, 2019. As discussed more fully below, defendants' motion for abstention is **DENIED**; defendants' motion to dismiss is **DENIED**; Afresh's motion for summary judgment is **DENIED without prejudice**; and defendants' motion to defer consideration of the motion for summary judgment is **DENIED** as moot.

## BACKGROUND

The complaint alleges that Afresh has a leasehold interest in a building ("the Building") owned by Fairmont Avenue Holdings, LLC ("the Owner"). Compl., ECF No. 12, ¶ 7. The

Building is located in an area of Winchester designated as a "limited industrial district." Approximately 200 members of the Afresh congregation have been meeting at the Building on Sundays since April 2017. The City has cited the Owner of the Building several times for allowing the church services to be held at the Building because the area in which it is located is not zoned for churches. At the time the complaint was filed, the City had filed a summons for civil penalty in the City of Winchester General District Court seeking $2,200 in fines from the Owner for violations of the zoning ordinance.

The zoning ordinance allows for a wide variety of light industrial uses, such as the production of food products and toiletries, assembly of some textiles not employing a boiling process, manufacture of ceramic products, electric and neon signs, and musical instruments, and assembly of electrical appliances and automobiles. Article 11 – Limited Industrial District—M-1, ECF No. 10-1. In addition, it allows for some uses with a conditional permit, such as gymnastics studios, youth activity centers, bus terminals, animal shelters, arenas, amphitheaters, or stadiums, albeit with restrictions on how close some structures can be to residential districts. ECF No. 10-1 at 1-4. While church uses are not expressly prohibited by the ordinance, they are not included in the list of allowed businesses and activities.

The Building's main tenant is the National Fruit Product Company, Inc. The company uses the Building as its corporate event center and meeting hall. Since 2014, the Owner also has allowed numerous non-profit groups to use the Building at no cost for events, gatherings,

fundraisers, and other functions. The number of people in attendance at these events has ranged from 30 people to more than 2,000 people.¹ ECF No. 14-1 ¶ 9.

In its complaint, Afresh states that it has a leasehold interest in the building. Compl., ECF No. 12, ¶ 7. Afresh produced a copy of a lease on February 29, 2019, attached to the second declaration of Aaron Brewer. ECF No. 22-1 at 4-12. The timing of the lease is subject to some question. While the lease states that it "is made effective April 1, 2017," and is signed and dated as of that date, it states in a recital that "[t]his lease is being executed on November of 2018 to memorialize the agreement of the parties entered into on the Commencement Date." Id. at 4. The lease term is for five years, but "[e]ither party may terminate this Lease at any time for any reason by giving thirty days written notice to the other." Id., ¶ 6. The lessee has an obligation to indemnify the lessor for, among other things, failure to comply with any and all governmental ordinances and regulations applicable to the condition or use of the property or its occupancy. Id., ¶ 15.1.c.

Afresh seeks a declaratory judgment that the City's zoning ordinance and its enforcement action against the Owner is violating Afresh's rights under RLUIPA. Afresh also seeks to enjoin the City from pursuing any enforcement or other action against the Owner of the property that would affect Afresh's ability to continue to use the Building.

## DISCUSSION

RLUIPA provides in relevant part the following:

**(a) Substantial burdens**

---

¹ Entities allowed to use the Building include the Winchester Medical Center Foundation (monthly cancer fundraisers), Virginia Manufacturers Association (annual trade events), Lord Fairfax Community College (training events), City of Winchester Police Department (gathering after a funeral), Apple Blossom Festival, Inc., and many others. Pl's Stmt of Facts, ECF No. 14-1 ¶ 8.

**(1) General rule**

No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—

**(A)** is in furtherance of a compelling governmental interest; and

**(B)** is the least restrictive means of furthering that compelling governmental interest.

**(2) Scope of application**

This subsection applies in any case in which—
. . .
**(C)** the substantial burden is imposed in the implementation of a land use regulation or system of land use regulations, under which a government makes, or has in place formal procedures or practices that permit the government to make, individualized assessments of the proposed uses for the property involved.

**(b) Discrimination and exclusion**

**(1) Equal terms**

No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution.

42 U.S.C. § 2000cc.

The statute defines "land use regulation" as "a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has an ownership, leasehold, easement, servitude, or other property interest in the regulated land or a contract or option to acquire such an interest." 42 U.S.C. § 2000cc-5.

## I. Motion for Abstention

The City argues that the court should abstain from adjudicating this case under Younger v. Harris, 401 U.S. 37 (1971), because of the ongoing proceeding to adjudicate the alleged ordinance violation. When considering a motion for abstention under Younger, a court must determine whether "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrest, 444 F.3d 237, 241 (4th Cir. 2006) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Circumstances fitting within the Younger doctrine are limited and include state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 73 (2013) (citing New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 373 (1989)).

Certainly, the first two factors are present in this case as there is an ongoing state judicial proceeding which was brought prior to the filing of this federal lawsuit, and property law concerns such as zoning and land use questions frequently are considered important state interests justifying Younger abstention. Harper v. Public Service Com'n of W.Va., 396 F.3d 348 (4th Cir. 2005) (citing Carroll v. City of Mt. Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998)). In general terms, a party who is dissatisfied with the outcome of the zoning violation hearing may appeal to the circuit court and raise a RLUIPA defense there. "State courts are fully competent to adjudicate constitutional challenges to local land-use decisions. Indeed, state

5

courts undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions related to zoning and land-use regulations." San Remo Hotel, L.P. v. City and County of San Francisco, Cal., 545 U.S. 323, 347 (2005).

The problem with the application of the third factor to this case is that Afresh, the party asserting the RLUIPA claim, is not a party to the underlying ordinance proceeding. Rather, the Owner of the property has been cited for violation of the ordinance, and Afresh will not have an opportunity to raise its RLUIPA claim in that court because it is not a party to that proceeding. In Blankenship v. Manchin, 410 F.Supp.2d 483, 497 (S.D.W.V. 2006), the district court noted that a plaintiff who was not a party to a state administrative proceeding would not have an opportunity to raise an administrative claim, making Younger abstention inappropriate. See also Déjà vu of Kentucky, Inc. v. Lexington-Fayette Urban County Government, 194 F.Supp.2d 606, 611 (E.D. Ky. 2002) (finding in Younger abstention analysis that federal plaintiffs did not have an adequate opportunity to raise constitutional claims at state court level because they were not parties to that action) and Gottfried v. Medical Planning Services, Inc., 142 F.3d 326, 329 (6th Cir. 1998) (holding that Younger abstention cannot apply to a party who is a stranger to the state proceeding).

In this case, the Owner is being cited for violation of the ordinance and although Afresh is the entity holding the church services, it cannot raise its RLUIPA claim in the zoning ordinance proceeding because it is not a party to that proceeding. Accordingly, the City's motion for abstention is **DENIED**.

**II. The City's Motion to Dismiss**

In its motion to dismiss, the City argues that Afresh does not have standing to sue and also that Afresh has failed to state a claim for a RLUIPA violation.

## A. Standing

To satisfy the Article III standing requirement, a plaintiff must show that (1) it has suffered an "injury in fact" that is concrete and particularized and actual or imminent rather than conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, rather than merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The party invoking jurisdiction bears the burden of establishing the elements. Id. at 561. "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Id. At the pleading stage, the court assumes the truthfulness of the facts alleged and construes the complaint in the plaintiff's favor. David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013).

The crux of the City's argument with regard to standing is that Afresh did not actually have a leasehold interest in the Building at the time it filed its complaint. In paragraph 7 of the complaint, Afresh alleges that it "has a leasehold interest" in the Building. ECF No. 12, ¶ 7. While the complaint does not mention a written lease, Afresh submitted a copy of a written lease to the court on February 26, 2019, which purports to be executed in November of 2018 and backdated to April 2, 2017. The lease states that Afresh pays rent in the amount of eighty percent of the utility charges.

The City also contends that statements attributed to the Afresh pastor in local media indicate that the Owner allowed Afresh to use the Building free of charge and that Afresh has not been billed by the owner for a percentage of the utilities as set out in the lease. Based on those assertions, the City argues that Afresh does not have the requisite leasehold interest to provide it with standing and cannot show any injury in fact. The City further argues that Afresh seeks a declaratory judgment that the City's zoning ordinance violates RLUIPA, but appears to seek rights on behalf of the Owner, who is not a party to this litigation.

At this point in the proceeding, it is unclear whether the parties actually entered into a written lease before the complaint was filed, or whether any rental or payments have been made. Nevertheless, the court is required to accept the facts in Afresh's complaint as true, including the allegation that Afresh had a leasehold interest in the Building. Although evidence produced in discovery may undermine this assumption, it provides a sufficient pleading basis on which Afresh can claim standing at this point. See Livingston Christian Schools v. Genoa Charter Township, 858 F.3d 996 (6th Cir. 2017) (finding leasehold interest protected to same extent as ownership interest for purpose of RLUIPA). Thus, the court finds that at this stage of the litigation, Afresh has pled facts sufficient to confer standing. Accordingly, the motion to dismiss for lack of standing is **DENIED**.

**B. Failure to State a Claim**

The City also asserts that Afresh has not stated a claim for relief because it cannot show either "substantial burden" or "equal terms" discrimination under RLUIPA.

**(1) Rule 12(b)(6) Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations, which, if accepted as true, "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

When ruling on a motion to dismiss, the court accepts "the well-pled allegations of the complaint as true" and "construe[s] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). While the court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A court need not accept as true "'legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments.'" Richardson v. Shapiro, 751 Fed. Appx. 346 (4th Cir. 2018) (quoting Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009)) (internal quotation marks omitted). Thus, a complaint must present sufficient nonconclusory factual allegations to support a reasonable inference that the plaintiff is entitled to relief and the defendant is liable for the unlawful act or omission alleged. See Francis v. Giacomelli, 588 F.3d 186, 196-197 (4th Cir. 2009) (affirming dismissal of claim that simply stated a legal conclusion with no facts

9

supporting the allegation) and King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim.") (quoting Iqbal, 556 U.S. at 679).

### (2) Substantial Burden

To state a substantial burden claim under RLUIPA, a plaintiff must show that the government's imposition of a regulation regarding land use, or application of such a regulation, caused a hardship that substantially affects the plaintiff's right of religious exercise. Andon, LLC v. City of Newport News, Va., 813 F.3d 510, 514 (4th Cir. 2016). "[A] critical function of RLUIPA's substantial burden restriction is to protect a plaintiff's reasonable expectation to use property for religious purposes." Id. at 515 (citing Bethel World Outreach Ministries v. Montgomery County Council, 706 F.3d 548, 556-557 (4th Cir. 2013) and Petra Presbyterian Church v. Vill. of Northbrook, 489 F.3d 846, 851 (7th Cir. 2007)). A regulation that makes a church's religious exercise more expensive or difficult does not create a substantial burden unless it places substantial pressure on the church to violate its religious beliefs or effectively bars the church from using its property in the exercise of its religion. Living Water Church of God v. Charter Tp. Meridian, 258 Fed. Appx. 729, 739 (6th Cir. 2007).

If a party has never had a reasonable expectation that a property could be used as a church, it cannot show that it has been substantially burdened by a zoning ordinance. In Andon, a congregation entered into a lease agreement with a building owner knowing that the property did not satisfy a "setback" requirement in the municipal code. Andon, 813 F.3d at 512. The property owner sought a variance under the code, and when it was denied, the

10

congregation sued under RLUIPA, contending that the zoning board's action in denying the variance imposed a substantial burden on their religious exercise. Id. at 514.

The Fourth Circuit Court of Appeals found that at the time the congregation entered into the prospective lease agreement, it knew that the property was not a permitted site for a community facility such as a church and had not met the applicable setback requirement for at least fourteen years. Id. at 515. Thus, the alleged burdens it sustained were not imposed by the denial of the variance, but were self-imposed. Under those circumstances, they did not satisfy the "substantial burden" requirement of governmental action under RLUIPA. Id. See also Petra Presbyterian Church, 489 F.3d at 851 (finding church that decided to go ahead and purchase property after it knew a building permit would be denied assumed risk of having to sell the property and find an alternative site for its church). Compare Bethel World Outreach Ministries, 706 F.3d at 558 (finding church raised a question of material fact when it presented evidence as to whether it had a reasonable expectation of being able to build a church). See also Hunt Valley Baptist Church, Inc. v. Baltimore County, Maryland, No. ELH-17-804, 2017 WL 4801542 at *27 (D. Md. 2017) (discussing Bethel and Andon and finding that church plaintiff's building proposal was not categorically contrary to law and church sustained a substantial burden because it had a reasonable expectation that it could build a house of worship on property).

The City argues that the zoning ordinance was in effect prior to the time the Afresh congregation started meeting in the Building, and thus Afresh never had a reasonable expectation that the Building could be used as a church. Afresh responds that multiple organizations had been using the Building for large gatherings, often with greater numbers of

11

persons attending than attend church services at Afresh. Thus, Afresh argues that it assumed that because secular gatherings were allowed, religious gatherings also would be allowed.

At this stage of the litigation, the court finds that Afresh has stated a claim for relief. Afresh asserts that common and well-known uses of the Building included regular gatherings of large groups of people. Afresh claims that it was entitled to rely on its knowledge that secular groups were allowed to gather to infer that a religious group also would be allowed to gather. Accordingly, Afresh has stated a claim that it had a reasonable expectation that it would be able to use the Building to host religious services. The City's motion to dismiss brought under the "substantial burden" clause of RLUIPA is **DENIED**, and Afresh may proceed on this claim.

**(2) Equal Terms Claim**

The RLUIPA equal terms provision provides that "[n]o government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. § 2000cc-(b)(1). There are four elements to an equal terms violation: (1) the plaintiff must be a religious assembly or institution, (2) subject to a land use regulation, and (3) the regulation must treat the religious assembly on less than equal terms than (4) a non-religious assembly or institution. Redemption Community Church v. City of Laurel, Maryland, 333 F.Supp.3d 521, 531 (D. Md. 2018) (citing Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cty., 450 F.3d 1295, 1307 (11th Cir. 2006)).

The plaintiff bears the burden of establishing a prima facie claim. If it meets the burden, the government bears the burden of persuasion as to the elements of each claim. Hunt Valley,

2017 WL 48015342 at *29 (citing Chabad Lubavitch of Litchfield County, Inc. v. Litchfield Historic Dist. Com'n, 768 F.3d 183, 196 (2d Cir. 2014)).

Circuits are split over whether a plaintiff can state an equal terms claim under RLUIPA by alleging that a zoning law is not facially neutral, or whether a plaintiff must show that a similarly situated non-religious comparator would be treated differently than the religious entity. In Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 292-93 (5th Cir. 2012), the Fifth Circuit held that because the zoning ordinance in question expressly distinguished between religious and nonreligious land uses, the church plaintiff established a prima facie case under the equal terms clause. See also Centro Familiar Cristiano Buenas Nuevas v. City of Yuma, 651 F.3d 1163, 1171 (9th Cir. 2011) (finding city violates the equal terms provision only when a church is treated on a less than equal basis with a secular comparator, similarly situated with respect to accepted zoning criteria, but city bears burden where treatment appears unfair on face of ordinance).

Conversely, the Seventh Circuit in River of Life Kingdom Ministries v. Vill. of Hazel Crest, Ill., 611 F.3d 367, 373 (7th Cir. 2010), found that it is enough to rebut an equal terms claim if religious and secular land uses are treated the same from the standpoint of an accepted zoning criterion. Similarly, in Lighthouse Institute for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253, 269 (3rd Cir. 2007), the Third Circuit upheld the district court's conclusion that the relevant analysis under the equal terms provision must take into account the challenged regulations' objectives and that a regulation will violate the provision only if it treats religious assemblies or institutions less well than secular assemblies or institutions that are similarly situated as to regulatory purpose.

13

It does not appear that the Fourth Circuit has decided which standard to apply. See Hunt Valley Baptist Church, 2017 WL 4801542 at *32 n. 20 (discussing split and finding that Fourth Circuit has not decided). In A Hand of Hope Pregnancy Resource Center v. City of Raleigh, 332 F.Supp.3d 983 (E.D.N.C. 2018), the district court applied the "accepted zoning criteria" test, i.e., that "a religious institution cannot be treated less favorably than a secular institution if the two institutions cannot be distinguished on the basis of the accepted zoning criteria that define the zone." Id. at 995 (internal quotations and citations omitted). See also Summit Church v. Randolph Cty. Dev. Auth., 2016 WL 865302 (N.D. W.Va. 2016) (adopting the Lighthouse "regulatory purpose" test and finding that defendants had not explained how secular assemblies furthered the objectives of having a commercial mixed-use district that reflected the history and culture of the site but religious assemblies did not).

Here, Afresh acknowledges that the City may have an interest in controlling the size of a particular gathering for purposes of noise and traffic. However, it points out that the zoning ordinance provides for conditional use permits for entities expected to draw a large crowd, such as gymnastic studios, youth activity centers, and bus terminals, as well as arenas, amphitheaters, and stadiums with some space requirements, but does not allow churches. Afresh also asserts that the City has allowed very large groups to assemble in the zone for one-time events such as festivals and fundraisers, but has fined the Owner for allowing Afresh to use the Building for religious purposes. Thus, it has alleged a cause of action under both tests—that the zoning ordinance is not facially neutral and also that it discriminates as applied to religious organizations. Accordingly, the City's motion to dismiss is **DENIED**.

## III. Afresh's Motion for Summary Judgment[2] and the Motion to Defer Consideration of the Motion for Summary Judgment

Afresh submitted what it described as a statement of undisputed facts along with a motion for summary judgment. ECF Nos. 14 and 14-1. Based on the facts, most of which are set out above, and the elements of an equal terms claim, Afresh contends that there is no question that it was treated on less than equal terms with a nonreligious organization when examined in the light of the "regulatory purpose" test, citing Summit, 2016 WL 865302 at *3 and Lighthouse, 510 F.3d at 266, 272-273, in support.

The City did not respond to the motion for summary judgment, but asks the court to defer consideration of the motion pursuant to Fed. R. Civ. P. 56(d) until after the court has had a hearing and ruled on the City's motion to dismiss. It also asks for an opportunity to conduct discovery with respect to the standing issue and the issues raised in the motion for summary judgment. At the time the motion to defer consideration was filed, Afresh had not yet provided a copy of the lease to the City. (Decl. of Aaron Grisdale, ECF No. 17-1 ¶ 2). Grisdale also disputed some of the factual allegations and stated that he could not respond to some of them until discovery had been conducted.

In response, Afresh contends that a court may defer a ruling on a summary judgment motion or deny the motion outright if the non-movant shows by affidavit or declaration that for specified reasons it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Afresh claims that the City has not identified any specific information that would create a genuine issue of material fact.

---

[2] Although Afresh brings its cause of action under both the equal terms and substantial burden provisions, it brings its summary judgment motion under only the equal terms provision.

However, this argument ignores the fact no discovery has occurred in this case. Summary judgment motions contemplate that parties will be able to cite to materials produced in discovery. Fed. R. Civ. P. 56(c). Afresh's motion for summary judgment is premature and is **DENIED without prejudice** to allow the parties an opportunity to conduct discovery. The City's motion to defer ruling on the motion for summary judgment is **DENIED** as moot.

## CONCLUSION

For the reasons stated above, the City's motion for abstention, ECF No. 9, is **DENIED**; the City's motion to dismiss, ECF No. 11, is **DENIED**; Afresh's motion for summary judgment, ECF No. 13, is **DENIED without prejudice** for refiling following the conclusion of discovery; and the City's motion to defer ruling on the motion for summary judgment, ECF No. 17, is **DENIED** as moot.

An appropriate order will be entered.

Entered: 07-01-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge